# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

---

MERRILL, COWLES & COMPANY v. S. W. SHAW &-BROTHER.

February 2, 1856.

No. 81 Territorial.

[Reporter's note. The report of this case in the original edition (1 Minn. 287), summarizes the pleadings and points made by the respective parties, but states that no opinion was to be found in the file. See also 1 Minn. (Gil.) 223. The opinion, having recently been discovered to be in the file, is now printed for the first time. It is not signed, but it is in the handwriting of Chatfield, J.]

Court — jurisdiction — process — change of venue — construction of statute.

Action in 1855 on a promissory note. Answer set up that neither of defendants resided in the county in which the action was brought or had property in that county subject to attachment, while one of the defendants resided in another county. Plaintiffs demurred to the answer and appealed from an order overruling their demurrer. *Held*:

(1) Process may be served by the proper officer anywhere in the territory of Minnesota and after answer to the merits the court has jurisdiction both of the subject matter and of the parties.

(2) The place of trial selected by plaintiff is indicated by the venue of the complaint, but the court may change the place of trial on the application of all the defendants who answer. R. S. 1851, p. 334, § 43.

139 M.—1

The primary object of this statute was to protect defendants against the oppression of plaintiffs. But that purpose will not justify construing the clause in section 41, "the action must be tried in the county in which the parties" reside, as an absolute and inflexible mandate so as to take away from the court jurisdiction to change the place of trial when it has jurisdiction of the subject matter and of the parties.[1]

(3) Under this section 43 the answer confers upon the court jurisdiction over the place of trial of the action, but to obtain such change the defendants who answer must make application to the court by motion for an order changing the place of trial. [Reporter.]

Action in the district court for Ramsey county to recover $1,296.60 on a promissory note. Plaintiffs demurred to the answer. The substance of that part demurred to is given in the second paragraph of the opinion. The demurrer was overruled, Sherburne, J. From the order overruling the demurrer, plaintiffs appealed. Reversed.

*Rice, Hollinshead & Becker,* for appellants.

*D. A. Secombe,* for respondent.

CHATFIELD, J.

This case is in this court upon an appeal from an order of the district court disallowing a demurrer to the defendants' answer.

The defendants, by answer allege, as an objection in the nature of a plea to the jurisdiction of the district court, that neither of the parties to this action resided in the county of Ramsey (the county designated in the complaint) at the time of the commencement of the action, and that neither of the defendants had any property therein liable to attachment and that one of the defendants did then reside in the county of Benton in this territory. To this answer the plaintiff demurred and the district court disallowed and overruled the demurrer.

I do not think the facts alleged in the answer constitute any valid objection to the jurisdiction of the district court. The subject matter of the action (a promissory note) was clearly within the jurisdiction of the district court. There can be no doubt but the court had juris-

[1][By change of statute, objection to the place of trial designated in the complaint, cannot now be taken by demurrer. Gill v. Bradley, 21 Minn. 15.]

diction of the process, nor but that the service of the process gave the court jurisdiction of the persons of the defendants. It was on the argument conceded by the counsel for the defendants that process ad respondendum of the district court may be served by the proper officer anywhere in the territory, and the position is unquestionable without the concession. And beside, the defendants appeared and answered to the merits. The district court had therefore acquired full and complete jurisdiction of the subject matter of the action and of all the parties to it. The whole question arising on the demurrer consequently rests upon the statute regulating the *place of trial*.

The place of trial selected by the plaintiff is indicated to the defendant by the name of the county designated in the entitling of the complaint, as required by the statute. R. S. 1851, 337, § 60, subd. 1. (

The statute (R. S. 1851, 334, § 41), provides that in cases like this "the action must be tried in the county in which the parties or one of them reside at the commencement of the action * * * subject however to the power of the court to change the place of trial as provided in section forty-three" of the same statute. That section provides among other things that " the court may change the place of trial *on the application of all the defendants who answer* * * * when the county designated * * * in the complaint is not the proper county;" that is, when none of the parties reside in such county at the time of the commencement of the action, and some one at least of the parties does at such time reside in the territory and when none of the defendants have property in such county liable to attachment.

The principal difficulty in construing these provisions of the statute arises out of the positive term used in section 41—"the action *must* be tried," etc.

In construing statutes, all the provisions relating to the same subject must be considered together and with reference to each other, and also with reference to the effect which each provision was designed to secure. Each and every provision must have its designed effect if possible without abrogating the designed effect of some other more important and controlling provision.

The primary and controlling object to be secured by the provisions of the statute regulating the place of trial in transitory actions, was

manifestly to protect defendants against the oppressions which plaintiffs might otherwise maliciously or capriciously practice upon them through the general jurisdiction of the district courts. That object was designed to be and was secured by placing in the possession of defendants, who by answer disclose defenses rendering a trial necessary, the power to control the place of trial so far as to bring it to a "proper county."

Such being the design and purpose of the statute, ought the word "*must*" in section 41 to be construed as an absolute and inflexible mandate upon the court and the parties, so as to put the case, situated as this is, beyond the power of the court or the parties to proceed any further therein? I cannot consent to such construction. It irretrievably destroys the power of the court to try a cause of which it has full and unquestionable jurisdiction. No acts or agreement of the parties however solemn or explicit could, under such construction, confer upon the court the power to try a cause out of the "proper county." If the facts making a particular county the "proper" one exist in a case it matters not whether they appear upon the record, for it is the existence, and not the disclosure, of the facts that produces the effect—determines which is the proper county, and forbids the trial of the cause elsewhere. Under such mandatory construction of the statute the trial of a cause in any other than the "proper county" would be wholly nugatory, even though the court should be without knowledge of the facts and the parties by a solemn trial waive all objection to the power of the court to try the cause, for I repeat, the power of the courts to try rests, under such construction, wholly upon the facts, and not [at?] all upon their disclosure. A judgment rendered upon a trial out of the proper county would be void for the want of authority in the court to try the cause. The verdict would be without effect and the judgment thereon void, affording no protection to anyone who might issue, take, execute or direct the execution of process to enforce it. All the proceedings upon and subsequent to the trial would be coram non judice. When offered as such protection, proof of facts dehors the record showing that the cause was not tried in the proper county, would vitiate the proceedings, and exhibit only the original elements of what in form upon the record, appeared to be res adjudicata. The mandatory construction of that clause of the statute leads inevitably to such conclusions, and the consequences liable

to result from such construction are to my mind too startling to be tolerated, unless the language of the clause inperatively requires it, and I do not think it does.

The last clause of the same section (41) expressly provides that a case, situated like this, is "subject to the power of the court to change the place of trial, as provided in section forty three.". This clause plainly and directly concedes that a case thus situated is under the jurisdiction of the court, for the court could not exercise the power to change the place of trial in a case not within and subject to its jurisdiction. The order making the change is certainly not a proceeding conferring jurisdiction, but itself must rest upon a pre-existing jurisdiction. Section 43 regulates the exercise of the power of the court to change the place of trial and limits it to the cases therein mentioned. The first and most important limit imposed by that section is applicable to all cases, in which the change may be made, and consists of the provision requiring an answer, as a prerequisite to the change. The design of this provision is palpably manifest. It cannot be of any material consequence to a defendant who has no defense to make to the action, in what county it may be pending. It is a provision regulating the proceeding in a cause and conceding the jurisdiction of the court over it. The next limit imposed by that section is the one allowing the change of place of trial to be made only upon the application of the *defendant* who has answered, or, in case there be more than one, then of all the *defendants* who have answered. This limitation, which is also equally applicable to all the causes for which such change may be made, presupposes that the proceedings in the case, to and including the answer, are regular and within the jurisdiction of the court, and by implication denies to the plaintiff the right to make any application for such change. The answer does not oust the court of its jurisdiction. It only confers upon the court power over the place of the trial of the cause.

While the statute specifies the different causes for which a change of the place of trial may be made, it indicates only one course of practice by which to bring the power of the court into operation for that purpose, and that is by application on the part of the defendants who have answered, by motion, for by the statute "an application for an order is a motion." [R. S. 1851, p. 419, § 14.]  The practice to procure an

order for the change of the place of trial for the cause that "the county designated for that purpose in the complaint is not the proper county" is the same that it is when made for any other cause specified in the statute.

This construction of the statute makes all of its provisions operative and under it the defendant is enabled to secure to himself the protection which the statute was designed to afford him. He may avail himself of the benefit of the statute or not, as he may choose, and if he does not choose to do so he waives such benefit, and the action must proceed in the county where it was commenced. Any other construction of this statute would present the strange anomaly of a court without the power to proceed in a cause of which it had full and complete jurisdiction. It would allow a defendant by the simple act of interposing such an answer as the one in this case to checkmate both the court and the plaintiff and hold them in that condition for all time, unless the plaintiff should choose to voluntarily discontinue his action. It would render the court powerless to proceed in the cause on the motion of the plaintiff, or to dismiss the action without the plaintiff's consent, for the statute regards the plaintiff and his action as regularly in court, and not liable to any cause for dismissal. The statute should not be so construed as to afford to the defendant any such power.

The plaintiffs' demurrer to the defendants' answer was well taken, should have been allowed, and the order disallowing the same must be reversed.