LESSER FRANKLIN *vs.* JAMES STODDART, Sheriff.

November 7, 1885.

**Wager—Title to Property at Stake.**—Where a bet is made, and a stakeholder agreed on, but the property staked not placed in his hands, he cannot take the property from the loser and deliver it to the winner, unless authorized by the loser otherwise than by the bet.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Young,* J., and verdict for defendant under direction of the court for the value of the property as found by the jury.

*M. H. Sessions,* for appellant.

*Jordan & Forrest,* for respondent.

GILFILLAN, C. J. Action for the conversion of a mare, wagon, set of harness, lap-robe, whip, and halter. One Allardt originally owned the property, and on November 4, 1884, he and plaintiff made a bet on the then pending presidential election; Allardt betting the property that James G. Blaine would be elected president, against $350 staked by plaintiff that Grover Cleveland would be elected. One G. F. Farrington was agreed on as stakeholder, and, to perfect the bet, Allardt then made to Farrington a bill of sale of the property, and plaintiff executed his note to Farrington for $350, payable on demand, and Farrington was to pass the note or the property according to the result of the bet. Possession of the property was retained

by Allardt, who kept it at a livery-stable in Minneapolis. On November 16, it having been ascertained that Grover Cleveland was elected, plaintiff and Farrington went to the stable and removed the property to Farrington's barn. Afterwards, on the same day, Allardt demanded that they return the property, but they never did so. November 28th the defendant, as sheriff of Hennepin county, levied upon the property under a writ of attachment against the property of Allardt, and afterwards sold it upon the execution issued on the judgment in the attachment suit.

Of course the bet, and the bill of sale and note made to perfect it, were all void; and being void, they could not, of themselves, vest any right in the winner, nor take any from the loser. Where money or property is delivered by the loser to the winner in payment of a bet, the loser cannot (except in the case specified in Gen. St. 1878, c. 99, § 13) recover it back. The reason given in some of the cases for this rule is that after delivery it is in the nature of an executed gift, the title passing by virtue of the delivery. Another reason is that the parties are *in pari delicto*, and the law will not help either, but leave them just where their own acts have placed them. But to put them in that position there must be an actual delivery by the loser, or with his assent. *Tarleton* v. *Baker*, 18 Vt. 9; *Miller* v. *Le Piere*, 136 Mass. 20. Whether a delivery, at the time of making the bet, to the stakeholder, for the purpose of being by him delivered upon the event of the bet, is, unless revoked, a sufficient assent to the delivery by the stakeholder to the winner, so that the latter can hold the property under it, we need not decide, for in this case there was no such delivery to the stakeholder. He merely went and took the property, with nothing to justify his possession and his passing it to plaintiff but the bet and the void bill of sale. Upon these the law would not put either the stakeholder or winner in possession, nor sustain either in putting himself in possession. The act of taking possession did not change the title to the property. It still remained the property of Allardt subject to be levied on for his debts. If there was any question of exemption as to any part of it, plaintiff is not in position to raise it.

Order reversed.