EMMA A. LEVEROOS *vs*. GEORGE REIS *et al.*

Argued Jan. 10, 1893. Decided Jan. 13, 1893.

**Money Paid on Illegal Contract Fully Executed cannot be Recovered.**

*Held*, that whether a certain agreement between defendant Reis and plaintiff's decedent, by which certain moneys to be allowed by the common council of the city of St. Paul upon bills to be presented by the latter for serving notices for Reis as city treasurer, were to be received and used by Reis, was legal or illegal, the plaintiff cannot recover such moneys, the agreement having been fully executed.

Appeal by plaintiff, Emma A. Leveroos, administratrix of the estate of John Leveroos, deceased, from an order of the District Court of Ramsey County, *Otis*, J., made September 8, 1892, overruling her motion for a new trial.

The defendant George Reis was city treasurer of St. Paul. He employed John Leveroos and John Messenbourg as clerks in his office from June 1, 1887, to August 1, 1890, at an agreed monthly salary, varying during that time from $60 to $80 per month. They were principally employed by him in making out and serving notices of assessments for local improvements in the city. No compensation was provided by the city charter for making and serving such notices. But during all this time it was understood and agreed between the

defendant and these two employes that bills for the work should be made out in their names and presented to the city council, and if allowed, defendant should have the allowance. Accordingly forty-one bills were so made during those years and were allowed to the amount of $14,288.60 and the money received by defendant. Leveroos departed this life intestate December 9, 1891, and plaintiff was appointed administratrix of his estate. She demanded of defendant one-half of this money. Messenbourg refused to join with her in the demand or in prosecuting the claim, and she therefore made him defendant with Reis, and stated the reason for so doing.

The issues were tried June 30, 1892. It appeared in evidence that the monthly salary paid these clerks was not the only expense of preparing and serving these notices; that the total expenditure of the defendant in that business during the time was $5,402.42 more than was allowed on the bills of Leveroos and Messenbourg. In order that the notices might be accurate and effectual, a set of books was made showing the descriptions of the property and the names of the owners. But by reason of the rapid extension of the plattings and the great volume of conveyances, it became necessary that the entries should be extended and corrected and even new books made. For convenience the total bills were made in the names of these two clerks, with their consent, although a number of others were employed on the work. The proceeds of the bills allowed by the council became a fund from which all the clerks engaged in that business were paid, and this was well known and assented to by Leveroos and Messenbourg. These facts being undisputed, the court directed the jury to return a verdict for defendant. Plaintiff excepted, moved for a new trial, and being denied, appeals.

*G. J. Lomen* and *D. F. Peebles*, for appellant.

The city charter provides that for the additional duties imposed on the city treasurer by the charter, he shall receive a fee on all collections made by him upon warrants for special assessments; and Sp. Laws 1881, ch. 387, provides that accounts shall be kept and reports made of salary, fees and clerk hire. Allowances direct to the clerks would not go into such account or reports, and the salaries of

clerks paid in this way, did not appear. The treasurer could, and did in this way, dupe the public as to the cost of his office.

The intestate was not in *pari delicto.* A demand connected with an illegal transaction is capable of being enforced at law, if the plaintiff requires no aid from the illegal transaction to establish his case. Chitty, Cont. 657; *Gray* v. *Hook,* 4 N. Y. 449: *Farmer* v. *Russell,* 1 Bos. & Pul. 296; *Toppan* v. *Brown,* 9 Wend. 175.

*J. C. & W. H. Michael,* for respondents.

By amendment of city charter, Sp. Laws 1887, ch. 7, subch. 7, § 36, the city treasurer was required to give five days' personal notice to all property holders interested, whose property was taxed for local improvements, if they resided in the city and if known to the treasurer and found.

From 1884, to 1890, inclusive, numerous public improvements of various kinds were made in St. Paul. The cost of each was assessed against the property benefited. Consequently there were a very large number of assessment proceedings requiring the service of personal notices.

When the defendant Reis became treasurer in 1882, he set about the preparation of a set of abstract and index books showing the description of each piece of land in the city and the name and address of each owner. These were completed about the first of the year 1885, and in March, 1885, were purchased by the city; but the act authorizing their purchase, Sp. Laws 1885, ch. 7, § 25, did not in any manner, either at his own expense or otherwise, impose upon the treasurer the duty of noting transfers of property or of keeping up and continuing these books from time to time, as property changed hands or was platted or subdivided, or as the corporate limits were enlarged. The custom had been adopted by the city council, antedating the term of defendant Reis some ten years, of making extra allowances from time to time to defray the expenses of preparing and serving these personal notices. This continued up to 1891, when the Legislature changed the law so as not to require such notices.

Under these circumstances Leveroos and Messenbourg and a number of other clerks were employed constantly in keeping up these

books and in the preparation and service of notices. They agreed that the allowance made by the common council for serving the notices should be turned over to the defendant Reis, and be by him kept and disbursed as a special fund to pay for the work done on the books and for serving the notices. This agreement was scrupulously adhered to by Reis and as shown by the testimony and the checks in evidence, this money was never mingled with his own during the time covered by this action. The long-continued acquiescence of Leveroos with full knowledge of the facts, shows his interpretation of the contract. No claim was ever made during his lifetime. The testimony further shows that Reis never received any of this money for his own benefit, but that every year he paid out more for this particular work than he received, and that the excess paid from his own money amounted to $5,402.42.

Assuming that the contract between Reis and Leveroos was illegal, as contended by appellant, it is difficult to see how it aids appellant's case. If a wrong was committed, both were parties to it, and equally guilty in the eyes of the law; and as it was an executed contract, the court would refuse assistance to either party. *Taylor* v. *Blake*, 11 Minn. 255, (Gil. 170;) *Perkins* v. *Savage*, 15 Wend. 412; *White* v. *Hunter*, 23 N. H. 128; *Riley* v. *Jordan*, 122 Mass. 231; *Hutchins* v. *Weldon*, 114 Ind. 80; *Hill* v. *Freeman*, 73 Ala. 200.

GILFILLAN, C. J. Action as for money had and received by the defendant Reis upon some forty different orders or warrants drawn by the comptroller of the city of St. Paul on the treasurer of said city for various sums, in favor of John Leveroos, plaintiff's decedent, and the defendant Messenbourg, who is made defendant for the reason that he refuses to join as plaintiff, and which orders came into the hands of Reis, and he indorsed and received the money on them.

At the close of the evidence, the court below directed a verdict for defendants.

The evidence established beyond question these facts,—stating them briefly and only so far as necessary to present the points upon which the case must be decided: The defendant was the city treasurer, and on him seems to have rested (in practice, at any rate) the duty of

serving the personal notices provided in cases of assessments for local improvements. There seems to have been no provision made for paying the expense of preparing and serving these notices, unless compensation to the treasurer therefor is to be deemed included in the salary and percentages allowed him generally. It appears that during the period covered by these orders, and for some years prior thereto, the common council was accustomed to allow, and direct to be paid, bills presented to it for serving the notices. Reis employed Leveroos and Messenbourg in preparing and serving the notices, (and that was about all they did for him,) under this agreement. That whether the council should allow the bills for serving the notices or not, Reis should pay each of them a monthly salary of $60 or $80, and if the council should allow the bills, and direct them paid, Reis should receive the money, and use it in paying the cost of preparing and serving such notices, including the keeping of certain books necessary or convenient in preparing and addressing them. This. of course, assumed that the bills were to be made out and presented as for what was due Leveroos and Messenbourg for their services in preparing and serving the notices, (although in fact they were paid for such services by Reis.) The bills were so made out, certified as correct by Reis, presented to, and allowed and directed paid by, the council. Orders or warrants issued for them, which were indorsed by Reis with the names of the payees, "per Geo. Reis," and the money thereon received by him; and it was used by him, and more besides, in paying the cost of preparing and serving such notices, and of keeping the books, and both Leveroos and Messenbourg at all times acquiesced in such receipt and use of the money.

The court below held this to be a valid agreement, and on that holding directed the verdict. But, whether the agreement be legal or illegal, the plaintiff cannot recover. If legal, the money went into the hands of, and was disbursed by, Reis, with the consent of plaintiff's decedent; for which consent there was a valuable consideration, to wit, the salary paid him. The agreement was not illegal merely for the reason suggested by appellant,—that by the agreement Reis stipulated for a consideration for official action, or reward for appointing to a clerkship, within the meaning of the Penal Code.

Leveroos and Messenbourg were only agents or servants of Reis for the purpose of preparing and serving the notices. The vice, if any, in the agreement, consisted in the element of deception to be practiced upon the common council, by presenting bills as for money due to Leveroos and Messenbourg for services for which they had been or were to be paid by Reis, and not disclosing to the council that the money was to inure to Reis, and not to the nominal parties in the transactions. We do not say—it is unnecessary—that this rendered the agreement illegal. But, if it did, plaintiff's decedent, equally with Reis, was a party to the illegality, and out of that illegality the claim plaintiff is urging in this action grew; and, as the agreement was fully executed, neither party (assuming that it was illegal) can appeal to a court to help him out of the position in which it placed him.

None of the rulings admitting or excluding evidence, assigned as error, could have affected the facts, as we have stated them, and so need not be considered.

Order affirmed.

Application for reargument denied January 20, 1893.

(Opinion published 53 N. W. Rep. 1155.)