EAGLE ROLLER-MILL COMPANY v. G. C. DILLMAN and Others.[1]

January 19, 1897.

Nos. 10,135—(89).

**Principal and Surety—Purchase of Grain—Weights and Measures.**

Action against the sureties on a bond, given by an agent to buy grain, conditioned that he would, on demand, deliver or account for all grain purchased by him for his principal, and pay over all moneys in his hands belonging to him; the breach alleged being that he had failed, on demand, to deliver or `account for the grain purchased by him, or to pay over the money in his hands furnished him by the principal for the purpose of buying grain. *Held*, that the fact that the principal, in the conduct of the business, used and furnished for the use of his agent scales which had not been tested and sealed, as required by G. S. 1894, § 2205, constituted no de-

[1] Reported in 69 N. W. 910.

fense in favor of the sureties. The illegal act alleged—the use of unsealed scales in weighing the grain—constituted no link in the plaintiff's chain of title to the grain or the money, or any part of his cause of action. Neither was the plaintiff dependent upon it for the purpose of establishing his claim.

Appeal by defendants McBain and another from an order of the district court for Brown county, Webber, J., sustaining a demurrer of plaintiff to one of the defenses set up in their answer. Affirmed.

*John Lind*, for appellants.

*Somerville & Olsen*, for respondent.

MITCHELL, J. Summarized, the material allegations of the complaint are that the plaintiff, being about to employ the defendant Dillman as its agent to purchase, sell, and handle wheat and other personal property at a place called "Cobden," and to furnish him money, grain, and other property for that purpose, Dillman, as principal, and the other defendants, as sureties, executed to plaintiff a bond, conditioned that, in the performance of his duties as such agent, he would, among other things, not sell, pledge, or dispose of any wheat or other property purchased for the plaintiff, or with its money, without its direction; that he would at all times keep on hand the full amount of wheat and other property which his reports showed on hand, and on demand deliver the same to plaintiff, and pay over all moneys in his hands belonging to the plaintiff, and pay to it all debts or demands due from him to it on any account whatever; that, upon the security of this bond, the plaintiff employed Dillman as its agent for the purposes aforesaid from April, 1891, to April, 1895. The complaint then alleges specifically a breach of each of the conditions of the bond, and especially that Dillman bought for the plaintiff, and with its money, a certain number of bushels of wheat, but has only accounted for or delivered a certain less number of bushels, and has failed and refused to deliver or account for the balance on demand; that his reports show in his hands a balance of over 8,000 bushels which he has failed and refused to account for; that there remains in his hands over $3,800 in money, belonging to the plaintiff, which he has failed and refused to pay over on demand.

The sureties interposed the following defense, among others, to wit, that the business and service for which plaintiff employed Dill-

man, and in which he was actually employed, required the use of weights and measures for weighing and measuring grain and other commodities bought, shipped, and stored by him for plaintiff; that, at the time they executed the bond, they assumed and believed that plaintiff would employ Dillman in a lawful business, but that, in fact, without their knowledge or consent, the plaintiff set up and used in its warehouse, where Dillman was employed, scales and weights, for weighing grain and other commodities,—and which were, in fact, used by Dillman in weighing all the grain, etc., by him bought for, stored, and shipped out for plaintiff,—which had never been proved and sealed by the sealer of weights and measures, as required by G. S. 1894, § 2205. To this defense the plaintiff demurred, and from an order sustaining the demurrer the sureties appealed.

The statute referred to provides that all persons engaged in any business requiring the use of weights and measures shall cause to be tried, proved, and sealed by the sealer of weights and measures in their respective counties, all scale beams, steelyards, weights or measures used by them in buying or selling any goods, wares, merchandise, grain or other commodities; that any person who shall buy, sell, or dispose of any such property by any scale beams, etc., which have not been proved and sealed in accordance with the statute, shall be deemed guilty of a misdemeanor, and, upon conviction, be fined not less than $5 or more than $100, and stand committed to the county jail until the fine is paid or he is discharged by due course of law. The facts alleged in the answer would constitute no defense as to Dillman, the principal on the bond. The grain and money having come into his possession as plaintiff's agent, his possession was its possession, and he would not be heard to justify his refusal to deliver the property to the owner, or his embezzlement of it, on the ground that the owner had been guilty of some unlawful act in the manner of conducting the business.

The question is, do these facts constitute a defense in favor of the sureties? It will be observed that they do not allege any injury or prejudice to themselves resulting from the use of unsealed scales, but "stand pat" on the bare fact that such scales were used in the business in violation of the statute. It will also be observed that it is not alleged that the contract of employment and the bond were

illegal, or provided for or contemplated the doing of anything illegal. They were perfectly valid. The only thing that was illegal was the subsequent use of unsealed scales in the transaction of the business which was the subject of Dillman's agency. That business was lawful. The plaintiff had a right to engage in it without obtaining a license or the performance of any other act as a condition precedent. The only thing prohibited was the use of unsealed scales in carrying on the business. This illegal act does not form any link in plaintiff's chain of title to the grain or the money, or constitute any part of its cause of action. Neither is the plaintiff dependent on it for the purpose of making out its claim against the defendants. This, we think, furnishes the correct test whether the illegal act alleged constitutes a defense. Gregg v. Wyman, 4 Cush. 322.

It seems to us that the case stands exactly as if the defendants had alleged that plaintiff had embezzled the money which it gave its agent with which to buy grain, or that it cheated by means of false weights those from whom the grain was bought. The facts alleged constitute no defense in favor of the sureties any more than they would in favor of the principal.

The cases chiefly relied on by counsel for the defendants are Daniels v. Barney, 22 Ind. 207, and Thorne v. Travellers' Ins. Co., 80 Pa. St. 15, both of which are, in our judgment, distinguishable from the case at bar. In both of these cases the plaintiffs had engaged in a business which was prohibited by statute, except by those who had first obtained a license or complied with other requirements of the statute. This the plaintiffs had not done. They could not recover without the aid of this illegal business, which formed a necessary link in their chain of title. The decision in Thorne v. Travellers' Ins. Co. is put substantially on this ground, although the court does not refer to the distinction which we have attempted to make. In Daniels v. Barney, the transaction contemplated by all parties at the time the bond was executed was an illegal one, and hence the bond was void ab initio. The court seems to place its decision, first, on this ground, and then proceeds to add another or second ground, in which they use the language relied on by counsel. Nowhere in the opinion is the point expressly or directly made that the illegal business was a necessary link in plaintiffs' title, without which they could not make out a cause of action.

Whether it would be competent for the plaintiff, on the trial, to prove the amount of wheat received by the agent, by evidence of weights ascertained by the use of unsealed scales, is a question not before us, and upon which we express no opinion.

Order affirmed.