[No. 8385.]

## TRI-BULLION SMELTING AND DEVELOPMENT COMPANY ET AL. V. MCLAIN.

1. CONTRACT—*Illegality*—*Where a Defense.* An association of merchants agreed to procure certain leases of land, and certain facilities for a Smelting Company, and the Smelting Company agreed that it would at once proceed to construct upon such lands a smelter of prescribed capacity, and operate it for three years. McLain as trustee for those who should contribute funds became party to the agreement, and the Smelting Company, with another as surety, entered into a bond to McLain, conditioned that in case of its default it would pay him as trustee, such part of the moneys expended to procure the leases, as the period of failure to operate might bear to the entire three years. The Smelting Company failed to even construct the smelter. In an action by McLain upon the bond it appeared that the major part of the moneys expended to procure the leases were contributed by certain municipal corporations. There was no agreement with the Smelting Company as to where, how, or from whom, the moneys were to be obtained, and the arrangements for it were not entered into until subsequent to the execution of the agreement. *Held* that the unlawful contribution of the municipal corporations was no defense to McLain's action upon the bond. (83, 84.)

2. —— *Construed.* No time being fixed in the contract, within which the smelter should be completed, *held* that it must be construed as importing, "in a reasonable time." Four years having elapsed, and construction not having commenced, judgment for the total amount expended for the leases was affirmed. (85.)

*Error to Fremont District Court.*   Hon. CHARLES A. WIL-
KIN, Judge.

Mr. L. WARD BANNISTER and Mr. LEROY MCWHINNEY,
for plaintiffs in error.

Messrs. MCLAIN & PEASE and Mr. D. W. ROSS, for de-
fendant in error.

HILL, J., delivered the opinion of the court.

The defendant in error brought this action to recover
$3500 with interest, as damages for the alleged breach of a
contract, viz., a bond executed and delivered to him by the
plaintiffs in error.   Trial was to the court which found for
the plaintiff in the amount claimed.

There is practically no dispute concerning the facts.   It
stands admitted that in July, 1907, the defendant, the
smelter company, entered into an agreement with the Canon
City Merchants' Association (a Colorado corporation), and
the plaintiff Charles R. McLain, trustee, who was to act as
trustee for contributors of funds to be used in carrying out
the merchants' association part of the agreement, viz., that
the association, and McLain as trustee for contributors,
would procure for the smelter company the free use for a
period of ninety-nine years, so far as another corporation
was concerned, of a certain tract of land; also other lands
with switching facilities, etc., for the same period.   The
smelter company agreed that it would proceed at once to
construct and operate, upon this land, a smelter for the
treatment of lead and zinc ores, and that if it should fail
to operate said smelter for any part of the period of three
years from the date of the commencement of operation, it
would repay to said McLain as trustee, such *pro rata* part
of the amount paid by him to secure the leases for the land,
that the period of failure to operate might bear to said entire
three years, etc.; that the smelter company should deliver

to McLain, to indemnify him as trustee for the contributors, a bond with surety for the faithful performance on its part of said agreement; that McLain accepted the trust, and entered upon the discharge of its duties, and carried out the terms of the agreement in this respect, collecting more, but expending only $3500 in so doing; that the smelter company, upon its part, executed and delivered to him the bond agreed upon in the sum of $4000, which was signed by the defendant, The Fidelity and Deposit Company of Maryland; that more than three years had elapsed after the execution of said agreement and bond, and after the plaintiff had complied with his part of the contract, before the bringing of this suit, and that during which period the smelter company, although demanded to, had failed to build or operate any smelter, and had not commenced the construction of one; that, after entering into the agreement, when executed, the bond, with the leases for the lands, was deposited with a bank to be delivered, the leases to the smelter company, the bond to Mr. McLain, trustee, when he paid to the bank the amount which the lessors were to have, which was thereafter done, and the instruments delivered accordingly.

The bond recites that the smelter company and its surety were held to McLain trustee in the penal sum of $4,000; the conditions of which are that the merchants' association has secured the making of a lease for ninety-nine years, free of rent, etc., for a smelter site, etc., with switching facilities, upon which site the smelter company has promised and agreed to and with said merchants' association, to erect a smelter, etc., and if it shall do so, and operate it for not less than three years, the obligation to be void, otherwise the obligation of principal and surety shall be for such *pro rata* part of the penalty as represents the period of non-operation, etc. Over objection of the plaintiff it was shown that the commercial association and McLain were chiefly instrumental in urging and inducing certain munici-

palities and others to contribute funds to be used by them with which to secure the leases, and agreed with them that Mr. McLain should act as trustee for them and others, in the matter of such contributions; that the only contributors to this fund were three municipal corporations and seven individuals with amounts as follows: The City of Canon City, $2500; the Town of South Canon, $500; The Town of Prospect Heights, $500; the seven individuals, $300, total $3800; $3500 of which was used in carrying out the terms of the agreement.

The defendants claim the judgment is wrong for three reasons: First, that the bond constitutes an illegal contract, because part of the money used by the merchants' association and McLain in carrying out the agreement was secured from certain municipalities in violation of law. Second, if not wholly illegal it is to the extent of the contributions made by these municipalities. Third, that the plaintiff failed to establish a breach of the bond, in that he failed to show that the time for performance had expired. The first and second contentions can be considered together. The agreement was not in writing but its conditions are undisputed. It was for a lawful purpose; all parties to it had a right to enter into it; the smelter company and its surety, in complying with it, executed the bond; for protection they did not deliver it until they secured their leases, but in carrying through the details placed it in a bank to be turned over to McLain when the leases were delivered to it. These leases were not executed by the parties to the contract, or the contributors to the fund, but by outside parties. The consideration for the bond was the contract, and the validity of the leases secured in compliance with its terms is not questioned. No moneys were to be paid to the smelter company. There was no agreement as to the manner or method by which the merchants' association was to get the leases. If necessary to have money for this purpose there was no agreement with

the smelter company from whom, or how, they were to secure it, and the record discloses that it was not secured or any arrangements made for it, until some time after the agreement had been entered into, and after the bond and leases had been executed and delivered to the bank for delivery. Under this state of facts, we are of opinion that the question from whom the merchants' association or Mr. McLain secured the money paid the lessors for the leases, is a collateral matter, and cannot, even though part of it was unlawfully secured from municipal corporations, be used as a defense to this action.

It will be observed that defendants do not allege any injury or prejudice to themselves resulting from where the merchants' association or McLain secured the money. The illegal act complained of is not included in any portion of the contractual relation between them. In Vol. 32 Cyc. at page 26, it is said:

"If the contract itself is not illegal, the sureties are not discharged because certain collateral acts of their principal, or of the obligee, are illegal; thus sureties for a contractor cannot set up as a defense that he employed aliens in violation of the law."

We think this principle applicable here. The reasoning in the following cases also sustains our conclusion that this bond is valid.—*Shannon v. Dodge,* 18 Colo. 164, 32 Pac. 61; *Thalheimer v. Crow,* 13 Colo. 397, 22 Pac. 779; *Dry Goods Co. v. Livingston,* 16 Colo. App. 257; *Creswell v. Herr,* 9 Colo. App. 185, 48 Pac. 155; *Schradsky v. Dunklee,* 9 Colo. App. 394, 48 Pac. 666; *Klippel v. Oppenstein,* 8 Colo. App. 187, 45 Pac. 224; *Mueller v. Kelly,* 8 Colo. App. 527, 47 Pac. 72; *Eagle Roller-Mill Co. v. Dillman,* 67 Minn. 232, 69 N. W. 910; *Comstock v. Gage,* 91 Ill. 328; *Harbison v. Bailey* (Pa.) 6 Atl. 724; *Remsen v. Graves,* 41 N. Y. 471; *Otto v. Jackson,* 35 Ill. 349; *Mason v. Nichols,* 22 Wis. 376; *Bell v. Kirkland,* 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. Rep. 621.

It is unnecessary to consider the question of incompetent testimony or who the contributors of this money were. The record discloses that members of the merchants' association and possibly others, in order to have cashed, had to guaranty the payment of certain warrants (used in this matter), of the municipalities referred to, and thereafter paid the amounts to the banks which had cashed them, the municipalities having refused to pay them. These facts disclose additional reasons why they are entirely collateral and immaterial to the issue in this case, as is also the question of the municipalities' right to recover, and from whom, the amounts actually paid by them, or anything pertaining to *ultra vires* acts by officials of municipal corporations.

We are not impressed with defendants' contention that the plaintiff failed to establish a breach of the bond. It bears date August 23, 1907, and provides that the smelter company will erect a smelter of not less than fifty ton daily capacity, etc., and shall operate it for three years. It does not provide a definite time within which the smelter was to be constructed, but when considered in its entirety it must be construed to mean within a reasonable time and operated for three years thereafter. This suit was instituted August 11, 1911, about four years after the giving of the bond. The plaintiff alleged and proved that the smelter company had not yet commenced the construction of a smelter, and other facts from which it is proper to infer that they do not intend to. The defendants offered no testimony on this subject. Under such circumstances the evidence was sufficient to support the finding.

The judgment is affirmed.

*Affirmed.*

Chief Justice GABBERT and Mr. Justice TELLER concur.

Decided February 7, A. D. 1916. Rehearing denied April 3, A. D. 1916.