OLE IVERSON v. OSMUND IVERSON.[1]

May 3, 1918.

No. 20,789.

**Judgment — res judicata.**

In this action in ejectment, it is *held* that the judgment in a former action, brought by defendant against plaintiff to cancel a deed to the land from defendant to plaintiff, wherein it was decreed that this defendant was rightfully in possession and entitled to retain such possession though this plaintiff was the legal owner, concludes the parties, and plaintiff cannot prevail.

Action in the district court for Yellow Medicine county to recover possession of certain premises and $100 damages for withholding the same. The facts are stated in the opinion. The case was tried before Qvale, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Tom Davis, Ernest A. Michel* and *Paul D. Stratton,* for appellant.

*Bert O. Loe,* for respondent.

HOLT, J.

The plaintiff, Ole Iverson, and defendant, Osmund Iverson, are brothers, Ole being the older. Fifteen years ago, one Finnes sued Osmund to recover heavy damages for an alleged assault. While that action was pending, and on May 7, 1903, Osmund deeded the land in controversy to Ole but has retained possession to this time. There was no consideration for the conveyance, and it was made solely for the purpose of preventing Finnes from collecting damages, should be prevail in the assault case. In 1912, Ole forcibly entered upon the land and cut the crop Osmund had sowed. Osmund then brought an action against Ole, and in the complaint alleged that, when sued by Finnes, he was in-

[1]Reported in 167 N. W. 483.

duced and persuaded by Ole to convey the land to him in order to circumvent the enforcement of any judgment Finnes might obtain, and for no other consideration whatever; that he continued in the rightful possession and use of the land at all times, and that Ole unlawfully entered and harvested the crop and threatened to thresh it. He asked that the deed to Ole be canceled, that he, Osmund, be decreed the owner and entitled to the possession of the land and crops, and that he have a temporary and permanent injunction against further interference from Ole. In the answer Ole alleged ownership and claimed to be in possession, admitted the conveyance and the Finnes suit, and denied the other allegations. The case was tried and judgment entered decreeing that Osmund is rightfully in the possession and is entitled to retain the possession of the land; that Ole has the legal title thereto and is the lawful owner thereof; that the temporary injunction theretofore granted be vacated, and that Osmund have and recover sixteen and 47/100 dollars costs and disbursements. Ole appealed to this court, but the judgment was affirmed for failure to serve the brief within the proper time. Two years thereafter Ole brought this action in ejectment. The answer is practically the same as the complaint in the action to cancel the deed, and sets up the additional defense of the adjudication therein. The trial resulted in findings of fact substantially as in the former case, and also finding the judgment therein as stated, and directing judgment that plaintiff, Ole, is the holder of the legal title to the land, but is not entitled to the possession thereof, that Osmund is rightfully in the possession and is entitled to hold and retain possession thereof. From the judgment so entered Ole appeals.

No oral testimony was taken. The facts were stipulated, and upon such facts, the "paper book," the record and files of the former action in the district court, and upon the appeal, the case was submitted. Certain findings are challenged, but we think them well within the permissible inferences to be deduced from the stipulated facts and the record of the former judgment, and, besides, their bearing upon this appeal is of no importance, as we view the situation.

It may be conceded that neither the former judgment nor the other facts found give what is usually termed an equitable defense to Osmund. But that is not determinative, for Ole may be precluded from invoking

the aid of the law in enforcing the rights which ordinarily go with a conveyance. He never obtained possession in virtue of the deed, and he is now asking the court to put him in possession. If the former adjudication, that Osmund was rightfully in possession and was entitled to retain it, is binding, it follows that the judgment now under review is right, for nothing has taken place since the rendition of the former judgment to change the situation or affect Osmund's right of possession as therein determined.

The former judgment must be held binding and conclusive upon the issues therein presented or voluntarily litigated. It is clear that the pleadings therein centered upon the legal status of the deed from Osmund to Ole. The latter also presented the issue of possession by not only denying Osmund's possession, but affirmatively alleging that he, Ole, was in possession. The judgment, in the light of the pleadings and findings, can be interpreted in no other way than as adjudging that, in the execution and acceptance of the deed, both grantor and grantee were equally guilty of a corrupt attempt to interfere with another's legal remedies. It apparently determined that the transaction was not merely one to defraud creditors, for a conveyance, covered by section 7013, G. S. 1913, is good as between grantor and grantee, but one wherein the court applied the principle that the parties being in pari delicto, in offending public policy in the execution of the deed, neither can invoke the aid of the court against the other either to enforce rights thereunder or to set it aside. The court left them where their own iniquitous act had placed them. We need not determine whether the principle was rightly applied, for the judgment must now, as to these parties, be held correct both as to the law and facts concerning which it speaks, it having been affirmed on appeal.

In Burton v. McMillan, 52 Fla. 228, 42 South. 879, 11 L.R.A. (N.S.) 159, the court, in speaking of the bearing of a former chancery suit between the parties upon the ejectment suit then before it says: "Its effect was that of res adjudicata as to each of them in respect to the illegal deed. Neither party could enforce a right under it. While in possession, she was free to defend any suit by him for possession of the property which had not been delivered to him, by showing that the consideration for the execution of the deed was illegal."

But there is also authority for the proposition that, aside from the former adjudication, the findings in other respects justify the judgment now under review.

The case of Kirkpatrick v. Clark, 132 Ill. 342, 24 N. E. 71, 8 L. R. A. 511, 22 Am. St. 531, was ejectment by a grantee against the grantor who had remained in possession after the giving of the deed, and it was held that the grantor might defeat recovery by showing that the deed was made for the purpose of defrauding the grantor's creditors, or for any other unlawful purpose. This decision has been often cited with approval in subsequent cases in Illinois, though we have found none other in ejectment.

Harrison v. Hatcher, 44 Ga. 638, also held that the grantor in possession could successfully defend against ejectment brought by grantee where there was no consideration for the deed other than an unlawful purpose to defraud creditors of the grantor, the court applying the maxim in pari delicto potior est conditio defendentis. However, the supreme court of Georgia seems to leave it in doubt whether this decision was overruled by what was said, perhaps obiter, in Parrott v. Baker, 82 Ga. 364, 9 S. E. 1068, for, while in Beard v. White, 120 Ga. 1018, 48 S. E. 400, which was not ejectment, the court takes for granted that Harrison v. Hatcher was squarely overruled in Parrott v. Baker, the same court in Castellow v. Brown, 119 Ga. 461, 46 S. E. 632, in approving the decision of Parrott v. Baker, says: "The same may be said of the possession of the grantor, except that, as was held in Harrison v. Hatcher, 44 Ga. 368, if he had been sued in ejectment by the grantee, he might have defended by showing that the deed was fraudulent. This is in entire harmony with the rule laid down in Parrott v. Baker, supra, and with the general scheme of the law that the machinery of the courts will not be used to aid in the consummation of a fraudulent design."

We think the former action between these parties determined not only the character and status of the deed, but also determined the right of possession to be in Osmund, an issue duly presented by the pleadings, as above indicated. Right or wrong, that determination now binds the parties, for, as stated, the judgment was affirmed on Ole's appeal, and nothing has since transpired to change this right of possession. This is a possessory action, and the former judgment decreeing defendant, the

respondent, entitled to retain possession as against plaintiff, the latter is now precluded from molesting defendant in that possession.

These considerations dispose of the appeal, and no mention need be made of other propositions urged and discussed by counsel.

The judgment must be affirmed.