R. H. FRYBERGER (SUBSTITUTED AS SUCCESSOR IN INTEREST TO HOWARD GUILFORD, DECEASED) v. WILLIAM A. ANDERSON AND ANOTHER. WILLIAM J. MEEHAN, APPELLANT.[1]

May 10, 1935.

No. 30,203.

[1]Reported in 260 N. W. 625.

*Chester L. Nichols,* for appellant.
*R. H. Fryberger,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff was the owner, editor, and publisher of what was known as the *Pink Sheet,* published in the city of Minneapolis. The defendant William J. Meehan, chief of police of said city at the time of this action, is herein referred to as the defendant. On June 6, 1933, an issue of said publication was being printed, and there were on hand in the printing office some 18,000 copies thereof. Defendant went to the printing office and took and carried away the 18,000 copies of the *Pink Sheet* here in question. The action is one for conversion of these copies of the publication. The case was tried to a jury and a verdict for $221.13 returned in plaintiff's favor for damages for conversion of these copies. The present ap-

peal is from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

■ The defendant presents the claim that the *Pink Sheet* was an illegal publication, and therefore the plaintiff was not entitled to recover damages for its seizure. The claim, as presented in defendant's brief, is that under L. 1931, c. 293, § 3, 3 Mason Minn. St. 1934 Supp. § 7352-13, no other than a legally qualified newspaper shall be printed or published within the state of Minnesota without the names of the owners, publishers, and editors thereof being stated and set forth in said newspaper, and that the *Pink Sheet* here in question, while it listed the plaintiff, Guilford, as publisher and editor of the paper, did not expressly state that he was the owner thereof. The evidence is undisputed that plaintiff was the owner of the papers taken and converted by the defendant. It would not seem that the mere failure to state that plaintiff, whose name was set forth, was the owner of the paper in addition to being the editor and publisher thereof was very important. His name was in fact stated and set forth in the newspaper as publisher and editor, and he was in fact the owner. There was a technical rather than a material violation of the statute.

■ It has been held several times by this court, and we believe by a majority of the courts, that where it is a question of contract the contract will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, if plaintiff will not require the aid of an illegal transaction to make out his case. Bosshard v. County of Steele, 173 Minn. 283, 217 N. W. 354. Here the plaintiff did not sue on contract, but sued for conversion of personal property. In order to recover, plaintiff needed to prove only that he was the owner of the property taken, that it was taken by the defendant and converted, and that it had value. This would not involve the proof of anything illegal unless the paper itself showed on its face that its possession with intent to circulate or distribute was illegal. It might be difficult to classify the *Pink Sheet* as either a legal newspaper or any newspaper coming within the term "the public press." However, the copy of the paper in the record before us does not of itself establish that the paper was contraband

or illegal so as to prevent recovery for actual value of what was taken.

■ It is argued that the court erroneously instructed the jury as to the measure of damages. The claim, as stated in defendant's brief, was that the court had instructed the jury that they might return a verdict for as much as $540, basing it upon three cents a copy for the 18,000 copies taken, and that the court had further instructed the jury that they might, in arriving at the amount of damages, take into consideration the testimony as to the amount paid by plaintiff for printing the papers and for the stock of papers that were used, what it paid for the cost of making a certain cartoon, and some other expenses. It is clear from the verdict that the jury did not find that the papers taken were of the value of three cents a copy, but that they perhaps based their verdict upon the amount expended by plaintiff for printing, for paper stock, for the cartoon, and other small expenses; so there was no prejudice because the court had said to the jury that it could find a verdict for a larger amount at three cents per copy. The cost of manufacture or production of property is very generally held admissible as tending in some degree to establish value. The court's charge as to damages was not objected nor excepted to at the time of the trial. No inadvertence or error in the charge in that respect was called to the attention of the court, and there was no request to charge as to the rule of damages now claimed by defendant, his claim being that the court should have instructed the jury that the recovery must be based upon three cents a copy for such copies, if any, as the jury found from the record would have been sold by plaintiff at that price. There does not appear to have been any prejudicial error in the court's charge to the jury on the question of damages.

The order appealed from is affirmed.

STONE, JUSTICE, concurs in the result.