LLOYD Q. RICHARDSON v. JOHN WELCH AND CHARLES A. FLOYD. .

*Contracts in adverse interest—Subrogation—Accounting—Fraud.*

The action of the superintendent of a boom company in taking an interest in a contract made with the company is not absolutely void nor void by statute. It is at most a constructive fraud on the company which the company can authorize, ratify or condone, and it is no more than voidable. The bargain is good as between the parties and can be avoided by the company alone, if the latter is the only party affected by it.

Whether a company cannot claim to be subrogated to the rights of an officer who has taken an interest in a contract made with it,—Q.

Contracts that are legal, except as against persons in adverse interest, cannot be attacked by persons not injured by them.

Creditors alone can attack conveyances that are fraudulent as against creditors; the same general rule applies to private frauds.

Where one of several joint parties to a contract has received the profits of it, he is estopped from denying his liability to his associates on the ground that the contract was voidable as against the other party to it.

Persons who have the money of other people in their keeping are not relieved from accounting even in cases where public interests are concerned, if no question of public policy is involved.

Appeal from Saginaw. Submitted October 26, 1881. Decided January 5, 1882.

BILL for accounting. Complainant appeals. Decree entered.

*Tarsney, Tennant & Weadock* and *H. H. Hatch* for complainant. The illegality of an executed contract does not relieve a party from accounting for the profits: *Merritt v. Millard* 4 Keyes 213; *Gray v. Hook* 4 Comst. 449; *Brooks v. Martin* 2 Wal. 70; *Sharp v. Taylor* 2 Phil. Ch. 801; *Hardy v. Stonebraker* 31 Wis. 645; *Dyer v. Homer* 22 Pick. 253; *Harvey v. Varney* 98 Mass. 118; *Lemon v.*

*Grosskopf* 22 Wis. 447; *Clemens v. Clemens* 28 Wis. 637; if a cause of action arising from a contract illegal in itself is not connected with the illegal act, it will not be affected thereby: *Phalen v. Clark* 19 Conn. 421; *Bartle v. Coleman* 4 Pet. 184; *Faikney v. Reynous* 4 Burr. 2069; *Armstrong v. Toler* 11 Wh. 258; the test is whether any aid from the illegal transaction is required to establish the cause of action: *Simpson v. Bloss* 7 Taunt. 245; Chit. Cont. 657; a conveyance fraudulent as to creditors may be perfectly good as between the parties: *Hess v. Final* 32 Mich. 515; *Nichols v. Patten* 18 Me. 229; *Bly v. Second Nat. Bank* 79 Penn. St. 453; *Gullatt v. Thrasher* 42 Ga. 429; *Vischer v. Yates* 11 Johns. 23; *McAllister v. Hoffman* 16 S. & R. 147; *Anderson v. Morcrieff* 3 Desaus. 132; the contract in this case was not within the rule which prohibits a person in relations of trust from making contracts adverse to his employer's interest; see *People v. Overyssel* 11 Mich. 229; *Sheldon v. Rice's Estate* 30 Mich. 301; *Hoffman v. Harrington* 28 Mich. 106; *Winslow v. Crowell* 32 Wis. 655; *Willson v. Owen* 30 Mich. 476; *Murray v. Vanderbilt* 39 Barb. 141; *Sharp v. Taylor* 2 Phil. Ch. 801; *Thomson v. Thomson* 7 Ves. 470; *Farmer v. Russell* 1 B. & P. 296; *Tenant v. Elliott* id. 3; *McBlair v. Gibbes* 17 How. 235.

*Wisner & Draper* for defendants. A contract clashing with interests which the maker is bound to protect is void as against public policy: Pomeroy on Cont. § 285; and the other parties may defend against an action upon it on that ground: *Lyon v. Waldo* 36 Mich. 345; *Mut. Ben. Association v. Hoyt* 46 Mich. 473.

CAMPBELL, J. Richardson brought his bill to procure a partnership accounting, arising out of a log-running contract, for running logs for the Rifle Boom Company in 1879. In 1878 and 1879 Welch obtained a contract, and Richardson and Floyd were to have equal shares in the profits, the former advancing money, and the latter performing services. The business for 1878 was all closed. Welch received the

proceeds of the work in 1879, but quarreled with Richard-
son, and now defends on the ground that the partnership
arrangement was void because made with Richardson when
superintendent of the boom company, and kept from the
knowledge of that company. The net profits of the part-
nership for 1879 were $10,195.77. The court below dis-
missed the bill.

It appears affirmatively that no fraud was actually intended
or practiced; that the complainant had nothing to do with
determining who among the various bidders should have the
contract; that the work was done more satisfactorily than
ever before; and the interests of the contractors and of the
boom company would in the main, if not entirely, be
advanced by the same course of business.

It is not denied that there was impropriety in the conduct
of Richardson in becoming interested in such a contract with
his own company without their knowledge. It is not now
necessary to consider how far this might have stood in the
way had this been a suit against the boom company to recover
pay for the work done. But payment has been made in full
by that corporation, and no·complaint has been interposed to
recover it back in whole or in part for the irregularity now
asserted. It appears very clearly that the company has lost
nothing and has in no way been injured. The defendant
Welch, who has received money which he agreed to pay over
to the complainant, is now seeking to defend, not for any
actual or constructive fraud against himself, but because the
complainant has done something which inflicted a theoretical
but not an actual injury on a stranger to the partnership.

There is no ground for claiming that the action of Rich-
ardson was illegal in the sense of violating any public stat-
ute, or that it was absolutely void. At most it was a
constructive fraud against his employers who might either
have authorized it, or ratified it, or condoned it. It was
certainly no more than voidable and had there been actual
fraud whereby Richardson would have profited at the expense
of the company it is possible the corporation might have
claimed to be subrogated to his rights in the partnership.

In such a case it is not very clear that Welch could have avoided recognizing such claims. The bargain could only have been avoided by the boom company, as they were the only persons affected by the supposed fraud if it existed. It was good as between the parties.

The rule is general that when contracts are legal except as against persons in adverse interest, courts will not listen to complaints of persons not injured. Conveyances fraudulent as against creditors can only be attacked by creditors, and the principle is general as applied to private frauds. It is no doubt competent for courts of equity to use some discretion when asked to become instruments in helping parties to the fruits of fraud. But in the present case no actual fraud appears, and the fruits of the fraud, if it existed, are all in the hands of Welch. Under such circumstances he is estopped from using his own participation in the bargain as a pretext for defrauding his associates. It cannot help the boom company to have him retain money which does not belong to him, nor can it hurt that company to have him pay it to Richardson. We have found no support for such a doctrine as he contends for. Even in cases where public and not merely private interests were involved, courts have refused to relieve parties who had the money of other people in their hands, against accounting, when there was no question of public policy to be involved in that transaction. See *Willson v. Owen* 30 Mich. 474, and cases there cited.

The defense is not well founded and cannot be sustained.

Complainant is entitled to a decree declaring the assets of the partnership in Welch's hands on the 1st day of January, 1880, to have been for proceeds of the business less expenditures $10,195.77 and personal property $1200 which he has converted. Complainant is entitled to one-third of this sum total after deducting $1000 for Floyd's services, to which Floyd is entitled, or one-third of $10,395.77, being $3465.25 with interest from January 1, 1880.

A decree must be entered on this basis with costs of both courts, and the cause remanded for the enforcement of the decree.

The other Justices concurred.