## J. F. BRADY

*v.*

## GEORGE HORVATH.

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. EVIDENCE—*immaterial in suit for money converted by defendant that money was won in a lottery.* In an action in assumpsit for money had and received, to recover money received by the defendant for the plaintiff and converted to his own use, it is immaterial that the money was won by the plaintiff in a lottery, or otherwise.

2. CONTRACTS—*action for money had and received—defense of illegal consideration.* One who converts to his own use money received by him from a lottery company for the holder of a lottery ticket, and who afterwards promises the holder to repay him, cannot, when sued, maintain the defense of illegality of consideration between the plaintiff and the lottery company.

*Brady* v. *Horvath,* 64 Ill. App. 254, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

JOHNSON & MCDANNOLD, for plaintiff in error.

J. F. DILLON, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action in assumpsit on the common counts for money had and received to and for the use of the plaintiff. The plaintiff recovered a judgment for $1500, and this judgment was affirmed by the Appellate Court.

It seems from the evidence that by virtue of a ticket which plaintiff purchased, whether in a lottery or not is not shown, he became entitled to receive $2000 from some party or company in Chicago, and that he went to Chicago to get his money. For some reason not shown he called on the defendant, Brady, who told him that he was only the agent of the company, but that he had had his money but had spent it, and that he would pay him. He paid plaintiff, however, $250, and signed and handed to him some papers which he said were checks for the balance. Plaintiff could not read English, and knew nothing of the contents of the papers except what defendant told him. These papers turned out to be two promissory notes, one for $250 and one for $1500, with the signature of M. Otten & Co., which defendant had attached. Later defendant paid plaintiff the amount of the smaller note, and afterward $30 more, and then refused to pay any more. Such was the substance of the testimony as given by and on behalf of the plaintiff, but it was in all material respects denied by the defendant. That is immaterial, however, as the judgment of the Appellate Court has settled the facts against the defendant.

The only questions presented here relate to the admission and exclusion of testimony. The trial court sustained an objection to this question put by defendant's counsel to plaintiff when on the stand as a witness: "What sort of a ticket was it?—will you describe it?" The purpose doubtless was to prove that it was a lottery

ticket, and that the suit was brought to recover the amount which the holder of the ticket had drawn in the lottery. But the suit was not brought against the company to compel it to pay the amount drawn, but against one who had received it from the company and had converted it to his own use and had promised plaintiff to pay him. In such a suit, if defendant received the money to pay over to plaintiff, and converted it to his own use and promised plaintiff to pay it to him, it would not be material whether it was money won in a lottery or otherwise. (*Cook* v. *Meyers*, 166 Ill. 282.) There was nothing in the defense tending to show that defendant was the company or any part of it, and that he was defending as the original party to the lottery on the ground of the illegality of the consideration.

The $1500 note was given in evidence, not as an instrument sued on, but as a paper executed and delivered to plaintiff by defendant at the time of one of the conversations between them, in corroboration of plaintiff's testimony, and there was no error, as claimed by counsel, in the ruling of the court sustaining the objection of opposing counsel to the question, "What did you give for this note here?" Besides, the witness had told the circumstances under which the note was given to him as a check, and made no claim that there was any other consideration than the money which defendant had received for his use and had promised to pay it.

We do not think that defendant can be permitted to set up in this suit the illegality of the consideration as between the company and plaintiff. In his hands it is money which he ought not, in equity and good conscience, to be permitted to retain, (*Barnes* v. *Johnson*, 84 Ill. 95,) and we see no reason why his promise to pay it over to plaintiff was not supported by a sufficient consideration.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*