## STATE v. I. P. BYHRE AND ANOTHER.[1]

### June 15, 1917.

### Nos. 20,281—(6).

**Indictment valid — county official and county contract.**

> An indictment charged defendants, one as county auditor, the other as a county commissioner, with becoming unlawfully interested in a certain county contract. Each defendant demurred to the indictment.

[1] Reported in 163 N. W. 282.

It is *held*:

(1) The indictment does not violate the requirements of G. S. 1913, §§ 9134 and 9136, that it shall contain a statement of the acts constituting the offense, and that it shall be direct and certain as regards the offense charged and the particular circumstances thereof when they are necessary to constitute a complete offense.

(2) More than one offense is not charged in the indictment.

(3) The facts stated in the indictment constitute a· public offense. That the two defendants are accused jointly of the crime is not a ground of demurrer, nor does it appear from the indictment that defendants could not be jointly guilty of the offense charged. The statute against county officials being interested in a county contract applies to all county officials, not alone to those who have official duties to perform in relation to the contract.

Defendants were indicted by the grand jury of Cass county for the crime of being interested in a county contract. Their demurrer to the indictment was overruled by Wright, J., who certified the case to the supreme court. Affirmed.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Edward L. Rogers,* County Attorney, for plaintiff.

*U. A. Spooner* and *Daniel Delury,* for defendants.

BUNN, J.

Defendant Byhre is the county auditor of Cass county, defendant Swanberg a county commissioner. They were jointly indicted of the crime "of being interested in a county contract" in violation of G. S. 1913, § 1089. Each demurred to the indictment upon the grounds that it did not substantially conform to the requirements of G. S. 1913, §§ 9134-9137, as qualified by section 9142, that more than one offense was charged in a case where such is not allowed by statute and that the facts stated do not constitute a public offense. The demurrers were disallowed and the questions certified to this court.

The indictment charges that "the said I. P. Byhre being the duly qualified and acting county auditor of Cass county, Minnesota, and A. J. Swanberg, then and there being the duly qualified and acting county commissioner from the Fifth district of Cass county, Minnesota, did

become unlawfully interested in a certain contract between Cass county and one Ole Skoog, for work, labor and business in and about the construction of State Rural Highway No. 45, the expense of which was and is payable from the county treasury of said Cass county, Minnesota, and continued to be interested in said contract during its completion, by then and there furnishing supplies, labor and equipment for the completion of said contract and sharing in the profits and proceeds of said contract, contrary to the form of the statute," etc.

1. Under the first ground of demurrer, that the indictment "does not substantially conform to the requirements of G. S. 1913, §§ 9134-9137, as qualified by section 9142," defendants claim that the indictment is not direct and certain either as to the offense charged or as to the acts constituting the offense, thus violating sections 9134 and 9136. We do not think this indictment is fairly open to the criticism that it fails to acquaint the defendants with a reasonable degree of certainty of the offense charged and of the acts constituting it. It is not very definite or explicit as to just what supplies, labor or equipment were furnished by defendants for the completion of the contract or what remuneration they received, but it charged that they were interested in the contract, sharing in the "profits and proceeds." The indictment followed the language of the statute, and added sufficient particulars so that we think that it complied with the provisions of sections 9134 and 9136. Defendants were sufficiently advised so that they could prepare their defense.

2. As to the claim that more than one offense is charged in the indictment, we see no basis for a demurrer on this ground.

Under the ground that the facts stated in the indictment do not constitute a public offense, counsel for defendants argue that their clients could not be jointly guilty of the crime charged, and that the statute should not be construed to make it illegal for a county official to be interested in a county contract, unless that official is one who has to do with letting the contract or approving it. Insofar as the first contention involves a claim of misjoinder of parties defendant, it is enough to say that the statute does not make this a ground of demurrer, nor was it alleged as a ground. But insofar as the argument is that it was impossible that defendants committed the offense jointly, and therefore that the indictment states no offense against either, we think it unsound.

We cannot say that the proof may not show a joint crime. The authorities are collected in the opinion in the Iowa case of State v. McAninch, 172 Iowa, 96, 154 N. W. 399, where will be found an exhaustive discussion. As against a demurrer we hold the indictment good so far as this point is concerned. We do not sustain the contention that defendant Swanberg could not be guilty of the offense because he, as county commissioner, had no official duties to perform in connection with the contract. The statute (section 1089) provides that "no county official, or deputy or clerk of such official, shall be directly or indirectly interested in any contract * * * to which the county is a party," etc. There is no room for the construction that it was intended to apply only to those officers who had official duties to perform in letting or approving the contract. The statute is plainly applicable to all county officials, their deputies and clerks. While the evil may be greater when the official has to do with letting the contract, we see no reason in not making the prohibition apply to all officials.

The questions certified are answered as above and the orders disallowing the demurrers are affirmed.