# HENRY D. BOEDER v. MARTIN A. H. TAGGATZ.[1]

November 25, 1932.

No. 28,973.

*Philip L. Scherer,* for appellant.
*Walter H. Hennessey,* for respondent.

Holt, J.

Plaintiff appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is on a promissory note, made by defendant to plaintiff's order. The answer admitted the execution of the note and alleged as a defense that it was made for the accommodation of

[1]Reported in 245 N. W. 428.

plaintiff and without consideration. When the trial opened defendant moved to amend the answer by inserting this allegation:

"That as and for a further defense to such promissory note the defendant alleges that subsequent to the execution and delivery thereof to plaintiff herein, for the efforts and influence to be used by the plaintiff, as county commissioner of Sibley county, Minnesota, in the sale of certain gravel belonging to said defendant, to said Sibley county, the defendant entered into an agreement with said plaintiff whereby said plaintiff was to be the owner of said note, the same being given to him as a bribe for his efforts and influence in making such sale to said Sibley county."

When plaintiff objected to the amendment defendant withdrew it, stating that he reserved the right to make such further motion to amend as the facts prompted. There was no further motion to amend, but the court let in evidence of alleged illegal consideration and submitted such issue to the jury. The verdict was for defendant.

Error is alleged on the practice adopted. A defendant may assert as many defenses as he may have, provided they are not inconsistent in fact. 5 Dunnell, Minn. Dig. (2 ed.) § 7580. The defense that the note in suit was an accommodation note comes very near being inconsistent with the defense that it was subsequently transformed into a note made upon an illegal consideration. But it is unnecessary to consider or decide the matter, for we have reached the conclusion that the learned trial court should have granted plaintiff's motion for judgment notwithstanding the verdict on the ground that no defense was shown.

The defense pleaded of the note's being an accommodation note is conclusively shattered by defendant's two letters of July 8, 1929, and November 5, 1929, wherein two shares of stock of the par value of $100 each were, by direction to Thiem, in whose possession they were, turned over to plaintiff "to be applied on note." Plaintiff held no other note than the one in suit against defendant. Defendant knew of no other note. The maker of an accommodation note does not make part payment thereof to the payee accommo-

dated. Defendant's testimony that this note was transformed by agreement into one for an illegal consideration is utterly inconsistent with now asserting the defense of the note's being an accommodation note.

As to the illegality of consideration. It conclusively appears that plaintiff was a county commissioner of Sibley county during all the time here involved. Prior to July 20, 1927, Sibley county contracted to buy approximately 5,000 cubic yards of gravel of one Knigge, the owner of a 160-acre farm near Gibbon upon which there were suitable gravel pits. This amount of gravel was required for graveling four and one-half miles of a county road running from Gibbon to Stewart. Knigge was to be paid 25 cents per cubic yard for the gravel taken. The gravel was to be dug, loaded, hauled, and spread by the road contractor who had the job from the county. A good part of the gravel sold had been spread on the road when plaintiff informed defendant of the fact that Knigge's farm was about to be sold at forced sale, that the contract with the county existed, and suggested to defendant that it might be profitable to buy the farm. Defendant was interested and claims that he obtained one Thiem to go in with him to buy the farm. After the farm was bought and title thereto taken, about 5,000 cubic yards of gravel therefrom was sold to and taken out by the county of Renville in the fall of 1927. About the first day of December, 1927, defendant and Thiem sold and conveyed the Knigge farm to others, the net profits realized, including the price obtained from the two counties from the gravel sold, being something over $3,000. The above facts are conclusively established. Defendant gave no testimony that could be construed as transforming his so-called accommodation note into a note for illegal profits from the gravel contract. Indeed, his positive testimony was that when plaintiff demanded his share some time after the land was sold defendant refused on the ground that it would be giving a bribe. It is to be noted in this connection that the note is dated December 1, 1927, about the very time the farm was sold. At that time all the gravel for the two counties had been taken. So the note could be

no bribe for something to be done in the future. Defendant never testified that it was agreed between the parties to the note after it was delivered that it should be considered as growing out of the farm or gravel transaction. Defendant must therefore rely on plaintiff's testimony to prove the defense of illegal consideration.

On that proposition plaintiff's testimony was in substance that prior to July 20, 1927, the county of Sibley made a contract with Knigge to purchase gravel to be taken from his farm for graveling four and one-half miles of the road mentioned; this would require about 5,000 cubic yards at 25 cents per yard, the contractor of the county to load, haul, and spread the gravel; that after some 2,000 yards had been taken plaintiff informed defendant that the Knigge farm was about to be disposed of by a forced sale and because of the gravel contract it might be a good speculation to buy the farm; that defendant said he had no money but would look into the proposition; that defendant interested Thiem to go in, and plaintiff agreed to be one of three to buy the farm; that plaintiff gave defendant his note for $5,332 to use in the deal; that Thiem put in $5,000 in cash and the farm was bought for $100 an acre; that after it was bought the remainder of the gravel bought by Sibley county was taken, and through plaintiff's efforts about 5,000 cubic yards of gravel were sold to Renville county and removed at 25 cents a yard; that about December 1, 1927, the farm was sold and the net profit of $3,000 was divided between plaintiff, defendant, and Thiem; that defendant and Thiem asked plaintiff to take their notes for his share of the profit; that he agreed and received the separate notes of defendant and Thiem for $500 each; that Thiem had paid his; and that defendant paid $200 upon his by the sale of stock to plaintiff as above stated. Thiem corroborates plaintiff.

It is clear that no illegality exists in the contract whereby Knigge sold the gravel to Sibley county for graveling the four and one-half miles of road. Knigge could sell the farm and permit the buyer to have the benefit of the contract with Sibley county. There was no taint of illegality in that contract. Nor could there be in the contract made by defendant with Renville county through

plaintiff's aid. There is no evidence that a single load of gravel was taken or paid for by Sibley county other than the amount contracted for by the county when Knigge was the owner. Nor is there any testimony that plaintiff was to influence the county to take more as a consideration for the note. Respondent, and perhaps the trial court, relied on G. S. 1923 (1 Mason, 1927) § 990, as construed in State v. Byhre, 137 Minn. 195, 163 N. W. 282. The section reads:

"No county official, or deputy or clerk of such official, shall be directly or indirectly interested in any contract, work, labor, or business to which the county is a party, or in which it is or may be interested, or in the furnishing of any article to, or the purchase or sale of any property, real or personal, by, the county, or of which the consideration, price, or expense is payable from the county treasury. Any violation of the provisions of this section shall be a gross misdemeanor."

This statute is broad, but of course it does not apply to the contract between the county of Sibley and Knigge, nor to Knigge, nor to Knigge's grantee, defendant. Certainly it cannot apply to the contract with Renville county for gravel taken after Knigge sold the farm to defendant, Thiem, and plaintiff. Hence the money that came into the possession of defendant from the sale of the farm, including the money from the two counties for gravel, was untainted money. Thiem corroborates plaintiff, that he and the parties hereto bought the Knigge farm. No jury would ever think of convicting plaintiff of a violation of § 990, above set out, upon the evidence in this record. State v. Byhre, 137 Minn. 195, 163 N. W. 282, decided on a demurrer to an indictment, is as inapplicable to the facts in this case as it was to the facts in the case of County of Marshall v. Bakke, 182 Minn. 10, 234 N. W. 1. After the county made the contract with Knigge, neither he nor his grantee or successor in interest had anything to do with taking out the gravel. He or his successor in interest was merely to receive the price. A case as near in point as any to which our attention has been called involving a law similar to § 990 is Stott v. Franey, 20 Or.

410, 415, 26 P. 271, 272, 23 A. S. R. 132, where the president of a city council took assignment of city warrants given in payment of city contracts, and it is alleged that to do so violated this provision of the city charter:

"No member of the common council or any officer of the city shall be interested in any contract or job the expenses of which are paid out of the city treasury."

The court said [20 Or. 415]:

"This is a wise and proper provision, and if we could see that the assignment of these warrants to the plaintiff made him interested in the job, within the meaning of this prohibition, it would be our plain duty to turn him out of court without any kind of redress. But here the evidence shows that the contract was completely executed before the assignment. All the contractors were to do had been performed, and what the plaintiff did was to take an assignment which entitled him to receive Woods' part of the warrants. This fact does not bring the plaintiff within the purpose of this inhibition or within the letter of the statute."

In the instant case it is the same. Before plaintiff became interested in the Knigge farm the county of Sibley bought the gravel thereon for graveling four and one-half miles of this certain road. The county took the amount contracted for. Defendant obtained this money as the successor or grantee of Knigge. There are authorities to the effect that where a person has received the profits of an illegal contract and has made a special promise to pay the other party to the contract his share, an action may be maintained on that special promise—the note here. 13 C. J. p. 505; Brady v. Horvath, 167 Ill. 610, 47 N. E. 757; Richardson v. Welch, 47 Mich. 309, 11 N. W. 172; Overholt v. Burbridge, 28 Utah, 408, 79 P. 561. But the principle announced in these authorities need not be adopted, nor the one followed which was applied in Bosshard v. County of Steele, 173 Minn. 283, 217 N. W. 354, for we think the record is entirely insufficient to establish illegality of consideration, or to show that by agreement an alleged accommodation note was

converted into a note which established that the payee violated said § 990 of our code.

A letter written to defendant by plaintiff was introduced as exhibit one by defendant. It went to the jury and, according to defendant's counsel, was lost. He now insists that since plaintiff has not been able to include it in the printed record the case cannot be determined on its merits in this court. He has made no effort to reproduce the letter or its substance. He does not charge its loss to plaintiff. The cross-examination of plaintiff in respect to admissions made in the letter indicates that its contents bore very little, if any at all, on the issues herein.

The order is reversed with direction to enter judgment for plaintiff for the balance due on the note.