## A. J. BOSSHARD v. COUNTY OF STEELE.[1]

April 13, 1928.

No. 26,638.

**County treasurer entitled to recover of the county premiums paid by him on his official bond.**

1. Bosshard v. County of Steele, 173 Minn. 283, determined that plaintiff is entitled to recover for premiums paid for his bond as county treasurer and is decisive of this case.

**Such payment by him was not a voluntary payment of another's obligation.**

2. As plaintiff was required to give the bond before entering upon the duties of his office, payment of part of the premium which the law required the county to pay was not a voluntary payment of the obligation of another.

Appeal and Error, 4 C. J. p. 1093 n. 77.
Indemnity, 31 C. J. p. 446 n. 84.

Plaintiff as treasurer of the defendant brought an action in the district court for Steele county to recover the premiums paid by him on his bond for the years 1924, 1925 and 1926. There was judgment for plaintiff for the amounts paid for the years 1925 and 1926. Defendant appealed to this court from the judgment, Enersen, J. 173 Minn. 283. Some months later plaintiff took the appeal now under consideration from the same judgment, claiming that he should have been awarded judgment for the premium paid in 1924. Remanded with directions.

*Charles Spillane,* for appellant.
*Harold S. Nelson,* for respondent.

TAYLOR, C.

Plaintiff was appointed treasurer of Steele county by the board of county commissioners to fill a vacancy and served as such treasurer during the years 1924, 1925 and 1926. He gave the bond required by statute in the sum of $200,000 executed by a surety com-

[1]Reported in 219 N. W. 96.

pany. Before making the appointment the county board entered into an oral contract with him by the terms of which the board agreed to pay the premium upon the first $50,000 of the bond, and plaintiff agreed to pay the premium upon the remaining $150,000 thereof. Plaintiff paid the part of the premium so specified for each of the three years.

The statute provides:

"Before he enters upon the duties of his office, the county treasurer, * * * shall give bond, to be approved by the county board, and in such sum as said board directs."

It further provides:

"The county board shall pay the premiums in excess of fifty dollars upon such treasurer's bond out of the treasury of the county in cases where the surety is a corporation duly authorized by law to be surety." L. 1923, p. 389, c. 293; G. S. 1923, § 840.

Plaintiff brought suit to recover the premiums paid by him which the statute required the county to pay. The amount of these premiums so paid is not in dispute and is found by the court to be the sum of $450 for each of the three years. The court gave plaintiff judgment for the amounts paid in the years 1925 and 1926 but not for the amount paid in the year 1924. Defendant appealed, claiming that the court erred in awarding judgment for the premiums paid in the years 1925 and 1926. Some months later plaintiff took the appeal now under consideration, claiming that the court erred in not awarding judgment for the premium paid in the year 1924. On defendant's appeal it was held that plaintiff's cause of action was not predicated upon the illegal contract in which he agreed to pay these premiums, and that he was entitled to recover. Bosshard v. County of Steele, 173 Minn. 283, 217 N. W. 354, where a further statement of the facts may be found. That decision is decisive of this appeal.

It is suggested that the payment here in question may be distinguished from the other two on the ground that plaintiff paid it voluntarily. Plaintiff was not a mere volunteer. The statute re-

quired him to give the bond before entering upon the duties of his office. This requirement was absolute and in no way conditioned upon the payment of the necessary expense or any part thereof by the county. He was required to give the bond before taking possession of the office whether the county paid or did not pay. Consequently the primary obligation to obtain the surety and pay the expense incurred therefor rested upon him. Although the statute required the county to bear the major part of such expense, it cannot be said that plaintiff, in making the payment, was paying the obligation of another as a mere volunteer. He could procure and pay for the bond necessary to enable him to qualify for the office, and then look to the county for that part of the expense which the statute required the county to pay.

The cause is remanded with directions to amend the conclusions of law to the effect that plaintiff is entitled to recover the sum of $1,300 with interest thereon from July 1, 1926, and to render judgment therefor.