H. C. VAN LOH v. COUNTY OF WASECA.[1]

February 14, 1936.

No. 30,776.

[1]Reported in 265 N. W. 298.

*John H. McLoone,* for appellant.
*Gallagher, Madden & Gallagher,* for respondent.

I. M. OLSEN, JUSTICE.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

Plaintiff, the superintendent of schools for Waseca county, brought this action to recover mileage expense for travel in the performance of his official duties as superintendent of schools for said county during the years 1929, 1930, 1931, 1932, and 1933, inclusive. He had duly presented to the county board his claim for such expenses in January, 1935, and the board had disallowed the claim. During each of these years the salary fixed by the county board for the superintendent of schools and the amount of mileage claimed were as follows:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1929 | salary | $2,400 | mileage | expense | claimed | $482.80 |
| 1930 | " | 2,400 | " | " | " | 389.81 |
| 1931 | " | 2,200 | " | " | " | 315.42 |
| 1932 | " | 2,000 | " . | " | " | 311.20 |
| 1933 | " | 1,500 | " | " | " | 277.64 |

In fixing the salary in the year 1929 the county board used these terms, county superintendent of schools "$2,400 a year, he to pay his own expenses." In 1930 the salary was fixed at the same amount, with the statement, "he to pay his own traveling expense and clerk hire." In 1931 the salary was fixed at $2,200, "he to pay his own expenses." In 1932 the salary was fixed at $2,000, "he to pay his expenses." In 1933 the salary was fixed at $1,500, but nothing said about payment of expenses.

The court directed the jury to return a verdict in favor of the plaintiff for the full amount of the traveling expenses claimed, less the sum of $107.80, which was a claim for expenses presented to the county board sometime in 1931, and disallowed at that time, from which disallowance no appeal was ever taken.

454

■ Waseca county is governed by the general statutes, 1 Mason Minn. St. 1927, §§ 958, 962, as to allowance of salary and traveling expenses of the county superintendent of schools. Section 958 fixes the minimum amount of such salary. Waseca county, under this section, based on the number of public schools therein, could not pay its superintendent of schools less than $1,175 as salary. The county board could fix the salary at such higher sum as it might determine.

Under § 962 of the statutes the county board of each county "shall audit and if found correct, allow duly itemized and verified claims of the County Superintendent of Schools for actual and necessary traveling expenses, incurred by him or his assistants in the discharge of their official duties."

The two sections, 958 and 962, appear to be distinct and separate enactments. Section 962 came into existence by L. 1907, c. 33. The quoted part of the section has remained the same as at present, although, by amendments, the provisions as to rate per mile to be allowed have since been added. L. 1907, c. 33, repealed all inconsistent acts.

Defendant claims that because the salary fixed in the years in question was so much in excess of the minimum provided by statute as to more than cover the travel expense and was granted in terms requiring plaintiff to pay his own expenses, the court must conclude that plaintiff has in fact received payment of his traveling expenses, except perhaps for the year 1933. We find this difficulty: Here are two acts, one providing for the fixing of the salary and making no provision for expenses, the other providing that the county board shall audit and if found correct allow duly itemized and verified claims of the county superintendent of schools for actual and necessary traveling expenses incurred in the discharge of his official duties. The county board was required to comply with both these sections of the statute. Its authority to allow traveling expenses is limited to the allowance of duly itemized and verified claims for actual and necessary traveling expenses. To allow, as part of the salary fixed, a lump sum, not specified or segregated, for traveling expenses, not itemized, verified, or pre-

sented to the board, was beyond its authority. While the action of the county board in making a lump sum allowance for salary and expenses was irregular and unauthorized, it does not follow that plaintiff was entitled to recover additional amounts for traveling expenses. It is not a case like Bosshard v. County of Steele, 173 Minn. 283, 217 N. W. 354; *Id.*, 174 Minn. 281, 219 N. W. 96, where the salary of the county treasurer was definitely fixed by statute and the treasurer was required by the county board to remit or pay out of his legal compensation premiums on his bond which the statute expressly required the county to pay. Nor is this case the same as other cases cited where there were agreements or attempts to deprive the official of a part of his salary fixed by law. Here the salary to be paid, over and above the minimum fixed by statute, was for the county board to determine. While it was irregular and unauthorized for the county board to include in one sum the salary and the expenses, it did not deprive the plaintiff of any part of the salary fixed by law, where, as here, the inclusion in the allowance of expenses nevertheless left a substantial amount of salary in excess of the minimum fixed by the statute.

■ Defendant contends that the court erred in failing to submit the questions of waiver and estoppel to the jury. Waiver and estoppel were pleaded as a defense. Plaintiff, with full knowledge that the sums allowed him as compensation for services included his expenses, accepted the sums allowed and, as far as appears, made no objection thereto, except a small claim presented to the board in 1931, which was disallowed and no appeal therefrom taken. Had plaintiff presented his claim for traveling expenses for 1929 during or at the end of that year the county board and county would have been put on notice that their inclusion of expenses in the compensation fixed was objected to, and the board could then, for subsequent years, have fixed his salary, without inclusion of expenses. As the case now stands, plaintiff has apparently received payment of his expenses, included, and intended by the county board to be included, in the lump sums allowed for salary and expenses. We do not deem it necessary here to cite authorities or restate the rules as to what constitutes waiver or estoppel. The

books are replete with definitions and statements of these rules. The result reached is that the questions of waiver and estoppel were questions of fact and should have been submitted to the jury. This does not apply to the traveling expenses for the year 1933, because for that year the salary fixed does not purport to include any expenses, and plaintiff should recover such expenses.

The order appealed from is reversed and a new trial granted on the questions of waiver and estoppel, as above indicated. We find no need of a new trial on any other issues.

Reversed.

